48  95
74  64

### THEOPHILUS HARVEY v. LUCY A. LEDBETTER.

1. CHANCERY—RESULTING TRUST.—Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting trust immediately arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds.

2. CASE IN JUDGEMENT.—H. and L., being desirious of buying property about to be sold by E., came to an agreement, by which they should buy the property, H. to pay for and be entitled to one-third, and L. to pay for and be entitled to two-thirds thereof, and that after the purchase the property was to be divided to suit the purchasers, each to get the particular part of the lot that he needed. In pursuance of the agreement the lot was sold and purchased, each party paying his proportionate share of the purchase money, but L. being in embarrassed circumstances, caused the title to be made to his wife. *Held*, that a trust resulted to Harvey to the extent of a third interest in the property, and that the placing of the title in the name of L.'s wife did not make any difference, she being a mere volunteer.

APPEAL from the chancery court of Lowndes county. LYON, Chancellor.

The opinion of the court contains a full statement of the case.

*James T. Harrison*, for appellant, made the following points:

1. A trust is implied where an estate is purchased in the name of one person, and the consideration is paid by another. Tiffany & Bullard on the Law of Trusts, 20, 23, 29; Hill on Trustees, 91; Story Eq. Jur., § 1195; 31 Miss. 426, 427; 1 How. (Miss.) 353; 23 ib. 294; 2 Johns. Ch. 405, 409; 2 Story Eq. Jur., §§ 1190, 1201 *a*, 1206.

2. If only a part of the purchase money is paid by a third party, a resulting trust in his favor *pro tanto* will arise, or where there is a joint purchase and one pays the consideration, a trust results for his benefit. Tiffany & Bullard, Law of Trusts, 29, 30; 4 Kent's Com. 306; 3 Mason, 364; Ambler, 409; 1 Eden, 515.

3. The statute of frauds embraces only sales of land, and has no reference to cases of implied trusts. And a fraudulent conveyance of property to defeat creditors, although void as to them, is good between the parties. Jones v. McDougal, 32 Miss. 179; 30 ib. 472; 27 ib. 155; 24 ib. 134, 487; 31 ib. 20, 653.

4. The parol partition of the law is sufficient. 31 Miss. 644; ib. 607, 719, 720; 4 Johns. Ch. 203; 2 Richardson, 627.

5. Mrs. Ledbetter is estopped by her own conduct, and cannot, under the false clamor of "unclean hands," commit a positive fraud both upon Harvey and her deceased husband's estate. She saw the division and partition made in her husband's lifetíme, and let the agreement be fully carried into effect, and the property after partition be sold to innocent third parties. Her mouth is forever closed. Hermann, Law of Estoppel, §§ 405, 416, 417, 418, 494; 6 How. (U. S.) 638; 8 Texas, 243; 2 Story Eq., § 1536; ib. 385; 32 Miss. 324; 26 ib. 548; 25 Penn. 468; 30 Ala. 382; 24 Miss. 618; Tyler on Infancy and Coverture, 702, 726, 727, 773, 754; 5 Allen, 103; 12 ib. 476; 53 Barb. 29.

No counsel appeared for the appellee, so far as appears in the record.

Peyton, C. J.:

Theophilus Harvey filed his bill in the chancery court of Lowndes county against Lucy A. Ledbetter, to establish a resulting trust in a certain house and lot in the town of Crawfordville, in said county, alleging

that one Edward C. Eggleston, as administrator *de bonis non* of the estate of one Eli Crowder, deceased, sold, under a decree of the probate court of said county, the said real estate. That at and before the said sale, the complainant and one Alexander H. Ledbetter being desirous of purchasing said house and lot, each of them wishing a part thereof, came to an understanding and agreement to bid for said property and purchase the same jointly, the complainant to pay for and be entitled to an interest of one-third, and the said Alexander H. Ledbetter the remaining two-thirds interest, and the property was to be divided after the purchase to suit the said joint purchasers, each to get the particular part of the lot that he needed and desired.

That in pursuance of said agreement, the complainant and said Ledbetter became the purchasers of said house and lot at said sale, the said Ledbetter paying two-thirds and the complainant paying one-third of the purchase money; and the said Ledbetter being in embarrassed circumstances, and in order to enable them the more certainly and securely to carry out, complete and perfect their said prior arrangement and agreement, they caused the title to the property to be conveyed to the defendant, Lucy A., the wife of the said Alexander H. Ledbetter, who has since departed this life, whereby she took the naked legal title as trustee for the purposes aforesaid. That said Ledbetter, in his lifetime, and complainant arranged and agreed upon their previously stipulated division, and that the plaintiff's part of said lot was particularly designated and set apart to him as stated in the bill.

That since the death of her said husband the said Lucy A., the defendant, refuses to carry out the said agreement, and sets up a claim to said property as her own, and is seeking to take a fraudulent advantage of her position and the confidence reposed in her, and to claim what in truth and honesty does not belong to

her. That complainant has caused a deed in writing to be prepared and tendered to her to execute in accordance with the said arrangement and agreement, but she has refused and still refuses to execute the same.

The complainant prays that said defendant may be required to carry out, perform and complete said trust in all its parts, and that she be decreed to convey by deed under her hand and seal to the complainant, the part of the premises described and allotted to him, and that she be perpetually enjoined from claiming or asserting any right to such part.

The defendant, in her answer to complainant's bill, says that she knows nothing of the alleged agreement between the complainant and her husband as to the joint purchase of said house and lot. She admits that her said husband was in embarrassed circumstances at that time, and that the title of the property was made to her to evade the payment of her husband's debts, and to place the property beyond the reach of his creditors, and ultimately to secure an interest in the same, derived through a conveyance from her, and so she says that she holds the title to the said property by the collusion of the complainant for the objects aforesaid, and not in trust to more clearly and securely carry out, complete and perfect their said prior arrangement and agreement as stated in the bill of complaint, and claims for herself all the title derived from the administrator's deed to her.

The testimony taken in the case fully establishes the fact that the complainant paid one-third of the purchase money for said property under an agreement with Ledbetter, who bid off the property, that it should be divided between them, which the testimony shows was done, and that the conveyance was made to his wife, at the suggestion of said Ledbetter, to secure it from his creditors.

On the final hearing of the cause upon bill, answer

and proofs, the court being of opinion that the deed to the house and lot was made to defendant, with the knowledge and consent of the complainant, with a view of defeating the collection of taxes due and owing from the said Ledbetter, dismissed the bill at the costs of the complainant.

From this decree the complainant brings the case into this court, and assigns for error the action of the court below in dismissing his bill of complaint.

The court below in making its decree must have proceeded upon the well settled principle that a fraudulent conveyance is perfectly good between the parties and their representatives, and against all persons except creditors. This doctrine is too well established to require a reference to authorities. But we think this principle is not applicable to the facts of this case, for the reason that it does not appear the appellant was in debt at the time of this transaction, and, therefore, the conveyance to Mrs. Ledbetter could not have been made to defraud his creditors. Whatever may have been the motive of Ledbetter in having the deed taken in the name of his wife, this principle cannot apply to the appellant as presented by this record.

Had Alexander H. Ledbetter taken the conveyance of the property to himself, there can be no doubt that a trust would have resulted to Theophilus Harvey to the extent of one-third of the purchase money paid by him upon the purchase. Where part of the money for the consideration of the purchase of land is paid by another than the grantee, a resulting trust of the legal estate to that extent accrues in favor of the person so furnishing a portion of the consideration. 2 Story Eq. 447, § 1201 *c.*

Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting

trust immediately arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds. The clear result of all the cases without exception is, that a trust of a legal estate in land, whether taken in the names of the purchaser and others jointly, or in the name of others, without that of the purchaser, whether in one or several, whether jointly or successively, results to the person who advanced the purchase money. This rule has its foundation in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchas⌐ money intends the purchase to be for his own benefit ¦ ;nd not for another, and that the conveyance in the n¦ me of another is a matter of convenience and arrange¦ ent between the parties for collateral purposes, and ¦ his rule is vindicated by the experience of mankind. ¦ Perry on Trusts, 98, § 126.

Whether the purchase ⌐y Ledbetter in the name of his wife may be regarded as an advancement to her to the extent of his interest in the property, is a question which it is not necessary to solve on this occasion; the books, however, lay down the doctrine, that if the purchaser of an estate pays the consideration money and takes the title in the name of a stranger, the presumption is that he intended some benefit for himself, and a resulting trust arises for him; but if the purchaser take the conveyance in the name of a wife or child, or other person, for whom he is under some natural, moral or legal obligation to provide, the presumption of a resulting trust is rebutted, and the contrary presumption arises that the purchase and conveyance were intended to be an advancement for the nominal purchaser. Perry on Trusts, 113, § 143.

Whether, in having the conveyance made to his wife, Ledbetter intended it as an advancement to her or as a protection against his creditors, cannot in any way affect the rights of Harvey. Had Ledbetter taken the

title in his own name, there can be no doubt that a trust would result to Harvey, and his having the title taken in his wife's name cannot possibly make any difference, as she was a mere volunteer.

If this view of the law be correct, it follows that the appellant is entitled to one-third of said property, and the court, therefore, should have decreed that the appellee convey to the appellant the part of said property which had, upon the division of the property by the parties in the lifetime of Ledbetter, been designated and set out to him.

The decree will therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion.